**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jaime ROSALES–MORA, Defendant–Appellant.**

**No. 04–2824.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 24, 2005.

Decided March 17, 2005.

Paul W. Connell, Office of The United States Attorney, Madison, WI, for Plaintiff–Appellee.

Adrienne R. Borisy, Madison, WI, for Defendant–Appellant.

Before FLAUM, Chief Judge, MANION, and EVANS, Circuit Judges.

**ORDER**

Jaime Rosales–Mora appeals the sentence he received in this case. His problem, however, is that he received two sentences, not one, and for this reason we must reject his appeal.

Rosales–Mora pled guilty to an indictment charging him with re-entering the United States without permission after having previously been deported. 8 U.S.C. § 1326(a) and (b)(2). The facts, which we will briefly relate, are straightforward.

On December 11, 2003, Rosales–Mora, under the alias Jorge Cordova, found himself detained in the Dane County (Wisconsin) jail on a probation hold. Fingerprints

confirmed his true identify as Jaime Rosales–Mora.

On January 21, 2004, Rosales–Mora was interviewed by Immigration agents. He admitted his true name and gave the agents his date of birth. He also admitted, and the record proved, that he was deported from the United States to Mexico on May 15, 2001, after being convicted of burglary and possession of burglary tools in Georgia, He admitted that he re-entered the United States in late June or July 2001 without permission. He also admitted, and the record established, that he was caught in Minnesota in December 2001 and was deported a second time just a short time later. Undeterred, he again re-entered the United States without permission. After this re-entry, he landed in the Dane County jail.

At sentencing, a guideline range of 70–87 months was established for Rosales–Mora built on a base offense level of 8, a 16–level enhancement (pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii)) because he was previously convicted of a crime of violence, minus a 3–level reduction for acceptance of responsibility. His criminal history, which included a slight adjustment because he was on probation at the time of his last illegal re-entry, was set at category 5. The district judge imposed a sentence at the top of the range, 87 months.

Were this all there was to the case, a limited remand pursuant to our recent decision in *United States v. Paladino*, 2005 WL 435430 (Feb. 25, 2005), would be in order so the judge could determine if the sentence would change now that the guidelines are advisory. But that's not necessary here. Because the sentence Rosales–Mora received was at the top of the guideline range (he got 87 months instead of anything between 70 and 86 months), it would be hard to argue that the judge felt constrained to impose a harsh sentence by the mandatory nature of the guidelines.

And that's the least of Rosales–Mora's problem here. As luck would have it, his case was called for sentencing between the time the Supreme Court decided *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Booker v. United States*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). As a result, the district judge decided to impose an alternative sentence in the event the Supreme Court dealt a death blow to the guidelines. So, saying he was not bound by the guidelines, and considering the facts of the case and the record of illegal entries by Rosales–Mora, he imposed a sentence of 87 months. That sentence, we don't believe, could be viewed as unreasonable against any standard of review that may emerge as the final waves from *Booker* hit the shore.

Finally, Rosales–Mora could probably not prevail even if the guidelines were still mandatory and the only contention he could advance was that his sentence was enhanced based on facts not found by a jury. The problem with that argument would be that the types of adjustments he received to his guideline range were the result of prior criminal activity, areas that a judge, not a jury, determines. *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although the broad view of a judge's power under *Almendarez–Torres* has been clipped by *Shepard v. United States*, —— U.S. ——, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the sort of determinations made here, coupled with the concessions entered by Rosales–Mora, seem to take that case out of play.

For these reasons, the judgment of the district court, entered on the alternative sentence, is AFFIRMED.